UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04461-DOC-GJS | Date | September 4, 2020 |
|---|---|---|---|
| Title | Tyshaun Andrew Jackson v. Warren L. Montgomery | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge | |
|---|---|---|
| | E. Carson | N/A |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| | None present | None present |

**Proceedings:** (IN CHAMBERS) Order Vacating *Rhines* Stay *Nunc Pro Tunc*; and Order to Show Cause

    Petitioner is represented by counsel in this case and filed a 28 U.S.C. § 2254 habeas petition in this action on May 18, 2020, raising seven grounds. Contrary to the requirements of the CV-69 form petition used in this District, Petitioner did not identify his claims in the Petition itself and, critically, did not identify whether his claims are exhausted. Rather, he directed the Court to review a separately filed memorandum of points and authorities and stated that "some" of his claims were raised on direct appeal in the California Court of Appeal[1] and "some are new claims."

    On May 19, 2020, the Court issued an Order regarding the apparently "mixed" nature of the Petition [Dkt. 5, "May 19 Order"]. The Court observed therein that, based upon the California Court of Appeal's decision on direct appeal, it appears that only Ground One and a portion of Ground Three may be exhausted, although the Court had no idea what claims Petitioner may have raised in his petition for review filed in the California Supreme Court. The May 19 Order advised Petitioner of his options in light of the apparent "mixed" nature of the Petition and directed him to select one of them, or risk dismissal of this action.

---

[1] Raising a claim only in the California Court of Appeal would not exhaust it, as counsel should know. Only fair presentation to the California Supreme Court exhausts a claim for federal habeas purposes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04461-DOC-GJS | Date | September 4, 2020 |
|---|---|---|---|
| Title | Tyshaun Andrew Jackson v. Warren L. Montgomery | | |

On June 17, 2020, Petitioner filed a Response [Dkt. 6], in which he conceded that the Petition is "mixed" and asked that this case be stayed pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). On June 18, 2020, the Court issued an Order granting a *Rhines* stay in this case [Dkt. 7, "Stay Order"]. The Stay Order provided that, "[w]ithin 45 days of this Order and every 60 days thereafter, Petitioner must file a brief Status Report, in which he advises the Court of the status of his state habeas proceeding(s)." The Stay Order also provided that "Petitioner is cautioned that the failure to comply with these requirements may result in the Court ordering the stay to be vacated *nunc pro tunc*."

Petitioner did not comply with the Stay Order and did not file the required Status Report by the August 2, 2020 deadline. On August 12, 2020, the Court issued an Order To Show Cause [Dkt. 8, "OSC"], directing Petitioner to show cause why the *Rhines* stay in this case should not be vacated *nunc pro tunc*. The OSC required that Petitioner either file a Response or the required Status Report by no later than September 2, 2020, and cautioned him that "[t]he failure to comply will result in the vacating of the *Rhines* stay."

The deadline for complying with the OSC has passed and Petitioner has neither complied with the OSC nor requested additional time to do so. The Court has reviewed the available electronic dockets for the trial court, the California Court of Appeal, and the California Supreme Court and sees no evidence that Petitioner had pursued habeas relief to exhaust his claims at any level other than the trial court. Given these circumstances and Petitioner's failure to comply with both the Stay Order and the OSC, the Court questions whether he intends to prosecute this action. Unlike many of the habeas petitioners who appear before the Court, Petitioner is represented by counsel, and there is no apparent justification for his ongoing failure to comply with Court Orders and to timely pursue exhaustion.

Accordingly, IT IS ORDERED THAT:

1. The *Rhines* stay ordered on June 18, 2020, is VACATED *nunc pro tunc*;

Initials of preparer __efc__

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-04461-DOC-GJS | Date | September 4, 2020 |
|---|---|---|---|
| Title | Tyshaun Andrew Jackson v. Warren L. Montgomery | | |

2. Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice on the ground that the Petition is "mixed" and/or on the ground that Petitioner has failed to prosecute. **By no later than September 14, 2020**, Petitioner shall file a Response to this Order To Show Cause.

Petitioner is cautioned that the failure to timely respond to this Order and to show adequate cause for his noncompliance with two Court Orders and for his failure to prosecute this action *will* result in the Court recommending this dismissal of this action without prejudice.

**IT IS SO ORDERED.**